# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

ROSE STREETER a/k/a ROSE QUINTANA,

       Plaintiff,

v.

STATE OF COLORADO, DIVISION OF CENTRAL SERVICES, CENTRAL COLLECTION SERVICE and MACHOL & JOHANNES, LLC,

       Defendants.

_____

**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ. AND JURY DEMAND**

_____

ROSE STREETER a/k/a ROSE QUINTANA ("Plaintiff"), by and through Plaintiff's attorneys, brings this complaint to challenge the actions of STATE OF COLORADO, DIVISION OF CENTRAL SERVICES, CENTRAL COLLECTION SERVICE ("CCS") and MACHOL & JOHANNES, LLC ("Machol & Johannes" or collectively referred to as "Defendants") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt, and this conduct caused Plaintiff damages. Plaintiff alleges the following:

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  The Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent action to protect consumers against debt collection abuses.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. Unless otherwise stated, all the conduct engaged in by Defendant took place in Colorado.

4. Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

5. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named.

## JURISDICTION AND VENUE

6. Venue is proper because Plaintiff is a resident of Adams County, Colorado, and Defendant is subject to personal jurisdiction in Colorado as it conducts business there, and Defendant's conduct giving rise to this action occurred in Adams County, Colorado.

## PARTIES

7. Plaintiff is a natural person who resides in Adams County, Colorado, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. CCS is, and at all times mentioned herein was, a debt collector doing business in Colorado, whose primary address is in Denver, Colorado.

10. Macho & Johannes is, and at all times mentioned herein was, a debt collection law firm doing business in Colorado, whose primary address is in Denver, Colorado.

11. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in "debt collection" and is therefore a "debt collector" as the terms are defined by 15 U.S.C. §1692a(6) and C.R.S. § 12-14-103(7).

## GENERAL ALLEGATIONS

12. Prior to November 2002, Plaintiff allegedly incurred a debt to the University of Colorado Health Sciences Center.  This alleged debt was a series of student loans, primarily for personal, family, or household purposes and not for business, investment, commercial or agricultural purposes. Therefore, this alleged debt was a "debt" as the term is defined by 15 U.S.C. §1692(a)(5).

13. Subsequently, the alleged debt was assigned, sold, or otherwise transferred to CCS for collection upon default.

14. Machol & Johannes was retained by CCS to collect on the alleged debt through litigation.

15. To that end, Machol and Johannes filed suit against Ms. Streeter on behalf of CCS in Adams County Court, Case No. 02C16696 ("County Court Case").

16. CCS obtained a default judgment against Ms. Streeter totaling $11,110.66 on November 21, 2002.

17. In an attempt to execute the judgment, CCS, through Machol & Johannes, filed a Writ of Continuing Garnishment ("Writ") on August 11, 2016.

18. The Writ listed the total amount due and owing as $15,132.82.

19. However, the amount due and owing as of August 2016 was significantly less than $15,132.82.

20. Indeed, Machol & Johannes's own ledger provided to Ms. Streeter in January 2017 indicates that the total was at least $963 less in September 2016 when the garnishment was served than what the Writ claimed.

21. Additionally, the Writ failed to account for an additional $2,765.00, which was a tax refund payment applied to the balance by CCS as of April 19, 2016.

22. As a result, CCS and Machol & Johannes falsely and deceptively represented the amount due and owing by Ms. Streeter.

23. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of the alleged debt.

24. Furthermore, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the alleged debt.

25. By claiming to Ms. Streeter, Ms. Streeter's employer, and the court that Ms. Streeter owed $15,132.82, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 ET SEQ. (FDCPA)

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq.

28. As a result of each and every violation of the FDCPA, Plaintiff is entitled to statutory damages of $1,000 pursuant to 15 U.S.C. §1692k(a)(2)(A); actual damages pursuant to 15 U.S.C. §1692k(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

- an award of statutory damages of $1,000.00 to Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each Defendant;
- an award of actual damages to Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendants;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1692k(a)(3), against Defendants; and
- any other relief the Court may deem just and proper.

### TRIAL BY JURY

29. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: March 20, 2017

    Respectfully submitted,

    By: /s/ Sarah T. McEahern
    Sarah T. McEahern, Esq.
    HYDE & SWIGART
    1525 Josephine St.
    Denver, CO 80206
    Telephone: (303) 731-5493
    FAX: (800) 635-6425
    Email: sm@westcoastlitigation.com

*Attorney for Rose Streeter*